IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN E. GROVE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:25-cv-02133 |
| MML INVESTORS SERVICES, LLC and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | : |
| Defendants. | : |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendants Massachusetts Mutual Life Insurance Company ("MassMutual") and MML Investors Services, LLC ("MMLIS") (collectively, "Defendants"), by way of their undersigned counsel, file this Notice of Removal of this action currently pending in the Court of Common Pleas of Bucks County, Pennsylvania. As grounds for removal, Defendants state as follows:

1. On March 28, 2025, Plaintiff John E. Grove initiated this action by filing a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania against Defendants. A copy of the Complaint ("Complaint"), with the Notice to Defend and Civil Cover Sheet, is attached as Exhibit 1.[1] The action was docketed at Case No. 2025-02181.

2. MassMutual received the Complaint on March 31, 2025 via certified mail return receipt requested.

3. MMLIS received the Complaint on April 17, 2025 and its undersigned counsel agreed to accept service on that date.

---
[1] Personal identifiers are partially redacted in accordance with Rule 5.1.3 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

4. Exhibit 1 constitutes all other state court pleadings and process received by Defendants.

**Removal Under 28 U.S.C. §§ 1446(b)(3) and 1446(c)**

5. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely as it is being filed within thirty (30) days after Defendants received a copy of the Complaint, which is the first paper setting forth the claim for relief upon which Plaintiff is proceeding and Plaintiff's claim for damages.

6. The state court where this case was originally filed is located in Bucks County, which is within the Eastern District of Pennsylvania.

7. Removal of this action is proper under 28 U.S.C. § 1441(a) because this is an action over which this Court would have original jurisdiction, pursuant to 28 U.S.C. § 1332(a).

**Jurisdiction Under 28 U.S.C. § 1332(a)**

8. Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction over any action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.

9. Plaintiff alleges in the Complaint that he resides in Quakertown, Pennsylvania and, upon information and belief, is a resident and citizen of the Commonwealth of Pennsylvania. *See* Exhibit 1, Compl., ¶ 1.

10. Defendant MassMutual was at the time of the commencement of this action, and is now, a Massachusetts mutual life insurance company organized under the laws of the Commonwealth of Massachusetts and maintains its principal place of business in Massachusetts, and therefore it is a citizen of Massachusetts. *See* Exhibit 1, Compl., ¶ 1.

11. Defendant MMLIS, is a citizen of the states of citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (for diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members). The sole member of MMLIS is MassMutual Holding, LLC, a Delaware limited liability company which maintains its principal place of business in Massachusetts. MassMutual is the sole member of MassMutual Holding LLC, and MassMutual is a citizen of Massachusetts as set forth above. Accordingly, MMLIS is a citizen of the state of the Commonwealth of Massachusetts.

12. Because Plaintiff is a citizen of Pennsylvania and because MassMutual and MMLIS are citizens of states other than Pennsylvania, complete diversity exists between the parties. See 28 U.S.C. § 1332(a)(1), (a)(2).

13. Considering that Plaintiff demands compensatory damages of $96,420.00 and also demands three times actual damages, the amount in controversy is in excess of $75,000, exclusive of interest and costs. *See* Exhibit 1, Compl., WHEREFORE clauses.

14. Thus, the requirements for diversity jurisdiction are satisfied.

15. A copy of this Notice of Removal will be filed promptly with the Court of Common Pleas of Bucks County, Pennsylvania and served upon Plaintiff. See 15 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction of this case and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

|  |  |
|---|---|
|  | **McCARTER & ENGLISH, LLP** |
| Dated: April 28, 2025 | By:   */s/ Penelope M. Taylor* <br> Penelope M. Taylor, Esquire <br> PA Attorney ID No. 325513 <br> 1600 Market Street, Suite 3900 <br> Philadelphia, PA 19103 <br> T: (215) 979-3800 <br> F: (215) 979-3899 <br> ptaylor@mccarter.com <br><br> *Attorneys for Defendants* |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Notice of Removal and Disclosure Statement of Defendants was e-filed via ECF this 28th day of April, 2025 and also was served via regular mail and via email upon the following:

>Andrew Cotlar, Esq.
>Law Office of Cotlar & Cotlar
>23 West Court Street
>Doylestown, PA 18901
>Email: andrewdcotlar@gmail.com
>*Attorneys for Plaintiff*

                                          *s/ Penelope M. Taylor*
                                          Penelope M. Taylor